IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT A. BARRICK, 2150-05, ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | Civil Action No. 05-1545 |
| ) | |
| DR WILLIAM NEWMAN et al., ) | |
|     Defendants. ) | |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the Motion to Dismiss (Docket No.13) submitted on behalf of defendant Newman be granted for failure to state a claim upon which relief may be granted.

II. Report:

Robert A. Barrick, a pre-trial detainee at the Westmoreland County Jail has presented a civil rights complaint which he has been granted leave to prosecute in forma pauperis. In his complaint Barrick alleges:

> 1. In 10-04, I was denied proper pre-screening and suffered a stroke, lost vision in right eye which could have been prevented.
>
> 2. On 7-29-95 while in the Jail Infirmary I was in severe pain from surgery on 7-29-05 and I was told to lay down & pain will go away. It didn't. James Keener C.O.
>
> 3. On 7-27-05 I had surgery at [Westmoreland] Hospital by Dr. Newman which was botched. I have nerve damage and need another surgery per Dr. Kuzma - Jail

Doctor.[1]

These facts are said to state a cause of action pursuant to 42 U.S.C. 1983, and the plaintiff invokes this Court's jurisdiction pursuant to Sections 1331 and 1343 of Title 28, United States Code. Named as defendants are Dr. William Newman, NAPH Care and John Walton. Dr. Newman now moves to dismiss.

It is provided in 42 U.S.C. §1983 that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In reviewing a motion to dismiss, all well pleaded allegations of the complaint must be accepted as true. Estelle v. Gamble, 429 U.S. 97 (1976); Schrob v. Catterson, 948 F. 2d 1402 (3d Cir. 1991). Coupled with this requirement is the greater leniency with which pro se complaint are construed. Haines v. Kerner, 404 U.S. 519 (1972).

The only allegation in the complaint against Dr. Newman is that he "botched" the plaintiff's surgery on July 27, 2005.  In order to prevail on his claim, the plaintiff must demonstrate that the movant exhibited deliberate indifference to a serious medical need of his thereby exposing him to an excessive health risk  Nicini v. Morra, 212 F.3d 798 (3d Cir.2000). Claims of negligence or even medical malpractice without some more culpable state of mind do not rise to this level. Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999).  No such showing is made

---

[1] In his opposition to the motion (Docket No.17), the plaintiff states that Dr. Newman reported that the surgery was more difficult than he expected and that he told the plaintiff that everything looked satisfactory and that the pain would go away.

2

here, and for this reason, the motion to dismiss submitted on behalf of defendant Newman should be granted for failure to state a claim upon which relief may be granted.

    Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                            Respectfully submitted,

Entered: February 1, 2006                       s/Robert C. Mitchell,
                                                        United States Magistrate Judge