IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT A. BARRICK, 2150-05,<br>    Plaintiff,<br><br>    v.<br><br>DR WILLIAM NEWMAN et al.,<br>    Defendants. | )<br>)<br>)<br>)  Civil Action No. 05-1545<br>)<br>)<br>) |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the Motion to Dismiss (Docket No.24) submitted on behalf of defendants NaphCare and Walton be granted for failure to state a claim upon which relief may be granted and that the plaintiff's Motion for Summary judgment (Docket No.31) be dismissed as moot.

II. Report:

Robert A. Barrick, a pre-trial detainee at the Westmoreland County Jail has presented a civil rights complaint which he has been granted leave to prosecute in forma pauperis. In his complaint Barrick alleges:

> 1. In 10-04, I was denied proper pre-screening and suffered a stroke, lost vision in right eye which could have been prevented.
>
> 2. On 7-29-95 while in the Jail Infirmary I was in severe pain from surgery on 7-29-05 and I was told to lay down & pain will go away. It didn't. James Keener C.O.
>
> 3. On 7-27-05 I had surgery at [Westmoreland] Hospital by Dr. Newman which was botched. I have nerve damage and need another surgery per Dr. Kuzma - Jail

Doctor.[1]

These facts are said to state a cause of action pursuant to 42 U.S.C. 1983, and the plaintiff invokes this Court's jurisdiction pursuant to Sections 1331 and 1343 of Title 28, United States Code. Named as defendants are Dr. William Newman, NaphCare and John Walton. In a Report and Recommendation filed on February 1, 2006, it was recommended that Dr. Newman's motion to dismiss be granted and that motion was granted on February 24, 2006. The remaining defendants, NaphCare and Warden Walton now move to dismiss.

It is provided in 42 U.S.C. §1983 that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In reviewing a motion to dismiss, all well pleaded allegations of the complaint must be accepted as true. Estelle v. Gamble, 429 U.S. 97 (1976); Schrob v. Catterson, 948 F. 2d 1402 (3d Cir. 1991). Coupled with this requirement is the greater leniency with which pro se complaint are construed. Haines v. Kerner, 404 U.S. 519 (1972).

In support of their motion to dismiss, NaphCare and Walton contend that the plaintiff has failed to exhaust the available administrative remedies. In his complaint Barrick concedes that the prison has a grievance procedure but that "it would take an Act of Congress to get a

---

[1] In his opposition to Newman's Motion to Dismiss (Docket No.17), the plaintiff states that Dr. Newman reported that the surgery was more difficult than he expected and that he told the plaintiff that everything looked satisfactory and that the pain would go away.

grievance form".[2] He does represent that he "sen[t] slips to medical dept."[3]

The Prison Reform Act provides in 42 U.S.C. § 1997(e)(a) that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

It would appear that the plaintiff concedes that he did not pursue his administrative remedies and for this reason his complaint is subject to dismissal.

Additionally, the plaintiff does not alleges that the present movants have been indifferent to a serious medical need of his. In order to prevail on his claim, the plaintiff must demonstrate that the movants exhibited deliberate indifference to a serious medical need of his thereby exposing him to an excessive health risk Nicini v. Morra, 212 F.3d 798 (3d Cir.2000). Claims of negligence or even medical malpractice without some more culpable state of mind do not rise to this level. Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999). No such showing is made here, and for this additional reason, the present motion to dismiss should be granted for failure to state a claim upon which relief may be granted.

Finally, it should be observed that the plaintiff does not make any allegations of specific acts of omission or commission on the part of the movants. Rather, it would appear that he is attempting to assign liability on the basis of respondeat superior, a concept which does not provide for liability under § 1983. A.M. v. Luzerne, 372 F.3d 572 (3d Cir.2004).

Thus, for any or all of the above stated reasons, the complaint fails to state a claim upon

---

[2] See: Complaint at ¶ V(A) and (B).

[3] See: Complaint at ¶ V(F)(1).

which relief may be granted as to defendants NaphCare and Walton and their motion to dismiss should be granted.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

|  | Respectfully submitted, |
|---|---|
|  | s/Robert C. Mitchell, |
| Entered: March 2, 2006 | United States Magistrate Judge |